UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| DEBRA HALL, Individually and on Behalf of All Others Similarly Situated, | No. 07-CV-8252-SAS |
| | **(Consolidated)** |
| Plaintiff, | |
| v. | **DEFENDANT EZRA DABAH'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAW** |
| THE CHILDREN'S PLACE RETAIL STORES, INC., et al., | |
| Defendants. | |

Defendant EZRA DABAH ("Dabah"), answers the Consolidated Amended Class Action Complaint for Violations of Federal Securities Law ("Consolidated Amended Complaint"), as follows:

Dabah denies knowledge or information sufficient to form a belief as to the factual allegations contained in the first, unnumbered paragraph. The statements constituting legal conclusions in the first, unnumbered paragraph require no response.

Regarding the numbered paragraphs:

1.      Dabah denies the allegations in this paragraph, except admits that Plaintiffs purport to bring a class action on behalf of a class consisting of all those who purchased the common stock of Children's Place Retail Stores, Inc. (the "Children's Place") between March 9, 2006 and August 23, 2007.

2.      Dabah admits the allegations in this paragraph, except that the Children's Place no longer sells apparel and accessories and other children-oriented merchandise under the Disney Store brand name.

3.      Dabah denies the allegations in this paragraph.

4.      Dabah denies the allegations in this paragraph, except admits that he served as Chief Executive Officer of the Children's Place from 1991 to September 2007.

5.      Dabah denies the allegations in this paragraph, except admits that the Children's Place restated its financial statements for 2004, 2005, and 2006, and respectfully refers to the restatement for the contents thereof.

6.      Dabah denies the allegations in this paragraph, except admits that the Children's Place entered into an agreement with the Walt Disney Company ("Disney"), respectfully refers to that agreement for its terms, and admits that the Children's Place created a subsidiary called "Hoop" to manage its Disney franchised operations in the United States and Canada.

7.      Dabah denies the allegations in this paragraph, except admits that in June 2007 Disney sent a letter to the Children's Place regarding alleged breaches of contract, respectfully refers to that letter for the contents thereof, admits that the agreement between the Children's Place and Disney was later amended, and respectfully refers to that amendment for its terms.

8.      Dabah denies the allegations in this paragraph, except admits that he pledged shares of the Children's Place common stock as collateral for a margin loan in his stock brokerage account.

9.      Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the reasons why Deloitte & Touche LLP decided not to stand for re-election as the Children's Place's independent auditor.

10.      Dabah denies the allegations in this paragraph.

11.     Dabah admits that Plaintiffs purport to bring their claims under the Exchange Act. The remaining statements contained in this paragraph constitute legal conclusions and therefore require no response.

12.     The statements contained in this paragraph constitute legal conclusions and therefore require no response.

13.     Dabah denies the allegations in this paragraph, except admits that Plaintiffs purport to bring their claims under the Exchange Act and assert that venue is proper in the Southern District of New York.

14.     Dabah denies the allegations in this paragraph.

15.     Dabah denies the allegations in this paragraph, except admits that, on December 17, 2007, Northern Nevada Laborers Fund was appointed Lead Plaintiff in this case, and denies knowledge or information sufficient to form a belief as to whether Northern Nevada Laborers Fund purchase common stock of the Children's Place during the purported class period.

16.     Dabah admits the allegations in this paragraph, except that the Children's Place no longer sells apparel and accessories and other children-oriented merchandise under the Disney Store brand name.

17.     Dabah denies the allegations in subpart (a) of this paragraph, except admits that he was Chief Executive Officer and Chairman of the Children's Place until September 26, 2007. Dabah admits the allegations in subpart (b) of this paragraph.  Subpart (c) of this paragraph requires no response.

18.     Dabah denies the allegations in this paragraph, except admits that, during the purported class period, Dabah and Susan Riley were senior executive officers for the Children's Place.

19.    Dabah denies the allegations in this paragraph, except declines to respond to those statements in this paragraph that constitute legal conclusions and therefore require no response.

20.    Dabah denies the allegations in this paragraph, except declines to respond to those statements in this paragraph that constitute legal conclusions and therefore require no response.

21.    Dabah denies the allegations in this paragraph, except admits that the Children's Place stock was traded on NASDAQ and registered with the SEC, and declines to respond to those statements in this paragraph that constitute legal conclusions and therefore require no response.

22.    Dabah denies the allegations in this paragraph.

23.    Dabah denies the allegations in this paragraph, except admits that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all those who purchased the common stock of the Children's Place between March 9, 2006 and August 23, 2007, excluding Defendants and related entities.

24.    Dabah admits that the Children's Place stock was traded on NASDAQ. Dabah denies knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, except declines to responds to those statements that constitute legal conclusions and therefore require no response.

25.    Dabah denies the allegations in this paragraph.

26.    Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph, and declines to respond to those statements that constitute legal conclusions and therefore require no response.

27.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph, and declines to respond to those statements that constitute legal conclusions and therefore require no response.

28.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph, and declines to respond to those statements that constitute legal conclusions and therefore require no response.

29.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

30.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

31.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

34.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36.     Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

37.     Dabah admits the allegations in this paragraph, except that the Children's Place no longer designs, contracts to manufacture or sells merchandise under the licensed Disney Store brand name, and respectfully refers to the Children's Place's public statements for the contents thereof.

38.     Dabah denies the allegations in this paragraph, except admits that the Children's Place entered into an agreement with Disney in 2004, and respectfully refers to that agreement for its terms.

39.     Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on November 23, 2004, and respectfully refers to the press release for the contents thereof.

40.     Dabah denies the allegations in this paragraph, except admits that a License and Conduct of Business Agreement ("License Agreement") was executed between the Children's Place and Disney, and respectfully refers to that agreement for its terms.

41.     Dabah admits that the Children's Place filed a Form 10-K filed on or about April 14, 2005, and respectfully refers to the Form 10-K for the contents thereof.

42.     Dabah denies the allegations in this paragraph, except admits that an amendment to the License Agreement was executed, and respectfully refers to the amendment for the terms thereof.

43.     Dabah denies the allegations in this paragraph, denies knowledge or information sufficient to form a belief as to the alleged statements of CI 4, and respectfully refers to the License Agreement for the terms and conditions of the relationship between the Children's Place and Disney and the role of the Franchise Board.

44.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 1.

45.     Dabah denies the allegations in this paragraph.

46.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 1 and CI 5.

47.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 1.

48.     Dabah denies the allegations in this paragraph, denies knowledge or information sufficient to form a belief as to the alleged statements of CI 1 and CI 5, and respectfully refers to the License Agreement for its terms.

49.     Dabah denies the allegations in this paragraph, denies knowledge or information sufficient to form a belief as to the alleged statements of CI 5, and respectfully refers to the License Agreement for its terms.

50.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 1 and CI 5.

51.     Dabah denies the allegations in this paragraph, except admits that the Disney stores had different store formats and names, denies knowledge or information sufficient to form a belief as to the alleged statements of CI 7, and respectfully refers to the License Agreement for its terms.

52.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 7.

53.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 7.

54.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 3 and CI 5, and respectfully refers to the License Agreement for its terms.

55.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 5.

56.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 5 and CI 6.

57.     Dabah denies the allegations in this paragraph, except respectfully refers to the License Agreement for its terms.

58.     Dabah denies the allegations in this paragraph, except denies knowledge or information sufficient to form a belief as to the alleged statements of CI 7.

59.     Dabah denies the allegations in this paragraph, except admits that in June 2007 Disney sent a letter to the Children's Place regarding alleged breaches of contract, respectfully refers to that letter for the contents thereof, admits that a letter agreement between Disney and the Children's Place was executed in June 2007 ("June Letter Agreement"), and respectfully refers to that agreement for its terms.

60.     Dabah denies the allegations in this paragraph, except respectfully refers to the June Letter Agreement for its terms, admits that a Form 10-Q was filed on December 5, 2007, and respectfully refers to the Form 10-Q for the contents thereof.

61.     Dabah denies the allegations in this paragraph, except  respectfully refers to the June Letter Agreement for its terms.

62.     Dabah denies the allegations in this paragraph, except admits that the Children's Place made a disclosure regarding the June Letter Agreement in August 2007, refers to that

disclosure for the contents thereof, and respectfully refers to the License Agreement and the June Letter Agreement for their terms.

63.     Dabah denies the allegations in the first sentence of this paragraph.  The remaining sentences in this paragraph do not require a response.

64.     Dabah denies the allegations in this paragraph, except admits that the Children's Place granted stock options according to a 1997 Stock Options Plan and a 2005 Equity Incentive Plan, and respectfully refers to those Plans for the contents thereof.

65.     Dabah admits the allegations in this paragraph, and respectfully refers to the 2005 Equity Incentive Plan for the contents thereof.

66.     Dabah denies the allegations in this paragraph, except admits that the Children's Place filed a Form 10-K on or about April 12, 2006, and respectfully refers to the Form 10-K for the contents thereof.

67.     Dabah denies the allegations in this paragraph, except respectfully refers to the Form 10-K for the contents thereof.

68.     Dabah denies the allegations in this paragraph, except respectfully refers to the press release issued on January 31, 2007 for the contents thereof.

69.     Dabah admits that the Children's Place filed a Form 10-K for the year ending February 3, 2007, and respectfully refers to the Form 10-K for the contents thereof.

70.     Dabah denies the allegations in this paragraph, except admits that the Children's Place restated its 2005 financial statements, and respectfully refers to that restatement for the contents thereof.

71.     Dabah denies the allegations in the first sentence of this paragraph.  Dabah denies the allegations in subpart (a) of this paragraph, except admits that on April 29, 2005, the

Children's Place granted stock options to several recipients at the exercise price of $37.66 per share, admits that the Children's Place issued a press release on May 5, 2005, respectfully refers to the press release for the contents thereof, and admits that the closing price of the Children's Place shares on May 5, 2005 was $44.72 per share. Dabah denies the allegations in subpart (b) of this paragraph, except admits that on April 29, 2005, the Children's Place granted Dabah stock options at the exercise price of $41.42 per share, admits that the Children's Place issued a press release on May 5, 2005, respectfully refers to the press release for the contents thereof, and admits that the closing price of the Children's Place shares on May 5, 2005 was $44.72 per share.

72.    Dabah denies the allegations in this paragraph, and respectfully refers to the press release issued on January 31, 2007 for its contents.

73.    Dabah denies the allegations in this paragraph, except admits that the Children's Place restated its financial statements, and respectfully refers to the restatement for the contents thereof.

74.    Dabah denies the allegations in this paragraph, except admits that the Children's Place restated its financial statements, and respectfully refers to the restatement for the contents thereof.

75.    The statements in this paragraph require no response.

76.    Dabah admits that he signed the Form 10-K submitted on April 12, 2006, and respectfully refers to the Form 10-K for the contents thereof.

77.    Dabah denies the allegations in this paragraph, except admits that he signed the Children's Place Forms 10-Q during the purported class period, and respectfully refers to the Forms 10-Q for the contents thereof.

78.     Dabah denies the allegations in this paragraph, except admits that he signed the Forms 10-K and 10-Q, and respectfully refers to the Forms 10-K and 10-Q for the contents thereof.

79.     Dabah denies the allegations in this paragraph.

80.     Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on March 9, 2006, respectfully refers to the press release for the contents thereof, and admits that Plaintiffs purport to define the class period as beginning on March 9, 2006.

81.     Dabah denies the allegations in this paragraph, and respectfully refers to the press release issued on March 9, 2006 for the contents thereof.

82.     Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call following the issuance of the March 9, 2006 press release, and denies knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

83.     Dabah denies the allegations in this paragraph.

84.     Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on April 6, 2006, and respectfully refers to the press release for the contents thereof.

85.     Dabah denies the allegations in this paragraph.

86.     Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on May 18, 2006, and respectfully refers to the press release for the contents thereof.

87.    Dabah denies the allegations in this paragraph, except admits that the Children's Place restated its financial statements for the first quarter of 2006, and respectfully refers to that restatement for the contents thereof.

88.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on August 3, 2006, and respectfully refers to the press release for the contents thereof.

89.    Dabah denies the allegations in this paragraph.

90.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on August 17, 2006, and respectfully refers to the press release for the contents thereof.

91.    Dabah denies the allegations in this paragraph.

92.    Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call on August 17, 2006, and denies knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

93.    Dabah denies the allegations in this paragraph.

94.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on September 7, 2006, and respectfully refers to the press release for the contents thereof.

95.    Dabah denies the allegations in this paragraph.

96.    Dabah admits that the Children's Place issued a press release on October 5, 2006, and respectfully refers to the press release for the contents thereof.

97.    Dabah admits that the Children's Place issued a press release on November 13, 2006, and respectfully refers to the press release for the contents thereof.

98.     Dabah denies the allegations in this paragraph.

99.     Dabah admits that the Children's Place issued a press release on January 4, 2007, and respectfully refers to the press release for the contents thereof.

100.    Dabah denies the allegations in this paragraph.

101.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on January 31, 2007, and respectfully refers to the press release for the contents thereof.

102.    Dabah denies the allegations in this paragraph.

103.    Dabah admits that the Children's Place issued a press release on February 7, 2007, and respectfully refers to the press release for the contents thereof.

104.    Dabah denies the allegations in this paragraph.

105.    Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call following the issuance of the February 1, 2007 press release, and denies knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

106.    Dabah denies the allegations in this paragraph.

107.    Dabah denies the allegations in this paragraph.

108.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on March 15, 2007, and respectfully refers to the press release for the contents thereof.

109.    Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call following the issuance of the March 15, 2007 press release, and denies

knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

110.    Dabah denies the allegations in this paragraph.

111.    Dabah admits that the Children's Place issued a press release on April 12, 2007, and respectfully refers to the press release for the contents thereof.

112.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on April 12, 2007, and respectfully refers to the press release for the contents thereof.

113.    Dabah admits that the Children's Place issued a press release on May 10, 2007, and respectfully refers to the press release for the contents thereof.

114.    Dabah denies the allegations in this paragraph.

115.    Dabah denies the allegations in this paragraph.

116.    Dabah admits that the Children's Place issued a press release on May 22, 2007, and respectfully refers to the press release for the contents thereof.

117.    Dabah denies the allegations in this paragraph.

118.    Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call on June 1, 2007, and denies knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

119.    Dabah denies the allegations in this paragraph.

120.    Dabah admits that the Children's Place issued a press release on June 8, 2007, and respectfully refers to the press release for the contents thereof.

121.    Dabah denies the allegations in this paragraph.

122.    Dabah admits that the Children's Place issued a press release on July 9, 2007, and respectfully refers to the press release for the contents thereof.

123.    Dabah denies the allegations in this paragraph.

124.    Dabah admits that the Children's Place issued a press release on July 11, 2007, and respectfully refers to the press release for the contents thereof.

125.    Dabah denies the allegations in this paragraph.

126.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on August 9, 2007, and respectfully refers to the press release for the contents thereof.

127.    Dabah denies the allegations in this paragraph, except admits that the Children's Place issued a press release on August 23, 2007, and respectfully refers to the press release for the contents thereof.

128.    Dabah denies the allegations in this paragraph.

129.    Dabah denies the allegations in this paragraph, except admits that he spoke during a conference call following the issuance of the August 23, 2007 press release, but denies knowledge or information sufficient to form a belief as to the accuracy of the transcription of his statements at that conference call.

130.    Dabah admits that the Children's Place issued a press release on September 26, 2007, and respectfully refers to the press release for the contents thereof.

131.    Dabah denies the allegations in this paragraph, and respectfully refers to the press release issued on September 26, 2007 for the contents thereof.

132.    Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

133.    Dabah denies knowledge or information sufficient to form a belief as to the first sentence in this paragraph.  Dabah denies the second sentence in this paragraph.  Dabah denies knowledge or information sufficient to form a belief as to the third sentence in this paragraph.

134.    Dabah denies the allegations in this paragraph.

135.    Dabah denies the allegations in this paragraph.

136.    Dabah denies the allegations in this paragraph.

137.    Dabah denies the allegations in this paragraph.

138.    Dabah denies the allegations in this paragraph.

139.    Dabah denies the allegations in this paragraph.

140.    Dabah denies the allegations in this paragraph.

141.    Dabah denies the allegations in this paragraph.

142.    Dabah denies knowledge or information sufficient to form a belief as to the allegations in this paragraph.

143.    Dabah denies the allegations in this paragraph.

144.    Dabah denies the allegations in this paragraph insofar as they relate to Dabah, and denies knowledge or information sufficient to form a belief as to the allegations in this paragraph as they relate to other defendants.

145.    Dabah repeats and realleges his responses to paragraphs 1 through 144 as if fully set forth herein.

146.    Dabah denies the allegations in this paragraph.

147.    Dabah denies the allegations in this paragraph.

148.    Dabah denies the allegations in this paragraph.

149.    Dabah denies the allegations in this paragraph.

150.    Dabah repeats and realleges his responses to paragraphs 1 through 149 as if fully set forth herein.

151.    Dabah denies the allegations in this paragraph, and declines to respond to those statements constituting legal conclusions that require no response.

### JURY TRIAL DEMANDED

152.    Dabah hereby demands a jury trial.

### AS A FIRST AFFIRMATIVE DEFENSE

As to each claim for relief, Plaintiffs fail to state facts sufficient to constitute a cause of action and fail to state a claim upon which relief can be granted, thus barring in whole or in part any recovery against Dabah.

### AS A SECOND AFFIRMATIVE DEFENSE

Plaintiffs, or any persons on whose behalf Plaintiffs purport to act, do not have standing because they did not purchase or sell the Children's Place stock during the purported class period.

### AS A THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because the documents, filings and announcements quoted or referred to in the Consolidated Amended Complaint did not contain any untrue statement of material fact nor did they omit any material fact required to be stated or necessary to make the statements made not misleading.

### AS A FOURTH AFFIRMATIVE DEFENSE

Any increase or decrease in the market value of Plaintiffs' stock was the result of market or other factors and not the alleged wrongful conduct on the part of Dabah.

### AS A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because the substance of the information they allege to have been misrepresented constituted non-actionable matters of opinion, or are puffery or soft information, rather than matters of material fact, or were forward-looking statements which included sufficient cautionary language and risk disclosure as to be non-actionable.

## AS A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because the substance of the material information that they allege to have been omitted or misrepresented was in fact disclosed in the Children's Place's public filings, prospectuses and other public releases, was otherwise publicly available and/or widely known to the market and to the investing community.

## AS A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

## AS AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because no act or omission of Dabah was the cause in fact or the proximate cause of any damage to Plaintiffs.

## AS A NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because Plaintiffs did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

## AS A TENTH AFFIRMATIVE DEFENSE

Every act or omission alleged in the Consolidated Amended Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## AS AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported class would have purchased the Children's Place stock even with full knowledge of the facts that they allege were misrepresented or omitted.

## AS A TWELFTH AFFIRMATIVE DEFENSE

The named Plaintiff does not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

## AS A THIRTEENTH AFFIRMATIVE DEFENSE

Dabah lacks the requisite scienter required for liability.

## AS A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not rely upon the misrepresentations or misleading statements alleged.

## AS A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Private Securities Litigation Reform Act of 1995.

## AS A SIXTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the Consolidated Amended Complaint are barred by the applicable statutes of limitations.

## AS A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of laches, waiver and/or estoppel.

## AS AN EIGHTEENTH AFFIRMATIVE DEFENSE

Dabah reserves the right to raise any additional defense not asserted herein of which they become aware through discovery or other investigation.

Dated:  August 18, 2008                                DECHERT LLP


By:  _/s/ Robert J. Jossen_____
Robert J. Jossen
robert.jossen@dechert.com
Michael J. Gilbert
michael.gilbert@dechert.com
David M. Bigge
david.bigge@dechert.com
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

*Attorneys for Defendant Ezra Dabah*