

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA HALL, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

v.

THE CHILDREN'S PLACE RETAIL STORES, INC., et al.,

                Defendants.

No. 07 Civ. 8252 (SAS)

**(Consolidated)**

---

### STIPULATION AND ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the parties to the above-captioned action, and it is hereby ORDERED by the Court that the following Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, filed with or submitted to the Court and/or given or exchanged by and among the parties and any non-parties who produce documents in this action (the "Litigation") and are signatories to this Stipulation and Order in connection with:

    (i) discovery or any hearing in the Litigation;

    (ii) any pleading, document, affidavit, brief, motion, transcript or other writing;

    (iii) testimony given at any deposition or hearing; or

    (iv) any copies, notes, abstracts or summaries of such information.

This information is hereinafter referred to as "Discovery Material".

1. In submitting documents to the Court in connection with any submissions or filings, or in responding to a request for discovery in the Litigation, any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Stipulation and Order if the Producing Party reasonably believes in good faith that such Discovery Material contains or constitutes non-public confidential, personal, proprietary or commercially sensitive information, including, but not limited to, non-public financial information and analyses, information about employee compensation and credit facilities, tax data, confidential portions of minutes of meetings, non-public submissions to regulatory and self-regulatory organizations, personal financial information, information constituting a trade secret, or confidential research, business development, proprietary, financial, technical or commercial information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). The submission and use of Confidential Discovery Material at trial in this Court is not governed by this Stipulation and Order, but rather is subject to the terms of the pre-trial order of the Court. The parties reserve all of their respective rights to argue at some future date whether or not the provisions of this Stipulation and Order should apply to the use of such material at trial.

2. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

3.   The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

a.   in the case of paper documents or other paper materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, pursuant to Paragraph 3(d) herein, with the effect that such document is subject thereafter to the protections of this Stipulation and Order;

b.   in the case of electronically stored information produced in electronic form, by affixing to the physical media on which any such information is produced the legend "Confidential" or the legend "Contains Confidential Information" and by (i) indicating in writing, at the time of such production, what portions of the electronically stored information are Confidential, or (ii) affixing, by electronic means, to each electronic document or other electronically stored information the legend "Confidential;"

c.   in the case of depositions or other pretrial testimony: (i) by a statement to such effect on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by designating counsel to all counsel of record in the Litigation within ten (10) business days after the receipt of the official transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court;

    d. The inadvertent failure to designate Discovery Material as "Confidential" in accordance with this Paragraph 3 does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential." Upon receipt of such a supplemental designation, any party in receipt of inappropriately designated Discovery Material shall return to the Producing Party, or destroy all copies of, such inappropriately designated materials (other than work product documents, which thereafter shall be treated as if the subsequent designation had been made). Upon sending a notice of supplemental designation, the Producing Party shall promptly redesignate the inappropriately designated Discovery Material as "Confidential" and produce it to the receiving party. The parties shall exercise best efforts to cooperate to protect later-designated materials that previously have been filed with the Court; and

    e. The receiving party shall ensure that copies it makes of Discovery Material produced to it include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with a confidentiality legend by the Producing Party. Counsel for the receiving party will inform others who obtained Discovery Material directly from the receiving party that any copies made of Confidential Discovery Material shall include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with a confidentiality legend by the Producing Party.

    4. Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to persons, directly or indirectly, other than the following:

    a. the parties to the Litigation, including the parties' officers, directors, managers, trustees, and employees (including in-house counsel), who are necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Stipulation and Order;

    b. experts or consultants who are not officers, directors, managers or employees of any party and who are necessary to assist outside counsel of record in the conduct of this Litigation, pursuant and subject to Paragraph 7(a) of this Stipulation and Order;

    c. counsel of record for the parties that have appeared in the Litigation and regular and temporary employees of such counsel assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order, including without limitation third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the action;

    d. any person who counsel reasonably believes may be a trial or deposition witness (and their counsel), pursuant and subject to Paragraph 7(b) of this Stipulation and Order;

    e. the Court and Court personnel;

    f. any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

    g. court reporters and videographers employed in connection with this Litigation; and

    h. any other person the Producing Party agrees to in writing.

5.   Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

6.   This Stipulation and Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material which that person had lawfully received before and apart from this lawsuit. Any Producing Party and its officers and employees may be examined at trial or during deposition regarding Confidential Discovery Material that such Producing Party produced.

7.   (a)   Discovery Material designated by another party as "Confidential" may be provided to persons listed in Paragraph 4(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Litigation, <u>provided</u> that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or a consultant to any person known or reasonably believed to be a direct business competitor of the Producing Party; and (ii) is using said Confidential Discovery Material solely in connection with the Litigation; and <u>further</u> <u>provided</u> that such expert or consultant confirms their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit A hereto (the "Expert Confidentiality Order"), which copy shall be maintained by counsel for the party who received the Confidential Discovery Material who seeks to disclose such Confidential

Discovery Material. With respect to testifying experts, the undertakings shall be provided to opposing counsel at the time that the expert witness is disclosed.

        (b)    Before a party or its counsel may show or disclose Discovery Material designated by another party as "Confidential" to any person listed in Paragraph 4(d) (to the extent such person are not covered by Paragraphs 4(a), (b), (c), (e), (f), (g), or (h) above), that person shall be advised that the Confidential Discovery Material is disclosed subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms. All persons listed in Paragraph 4(d) (to the extent such persons are not covered by Paragraphs 4(a), (b), (c), (e), (f), (g), or (h) above), who are given access to Confidential Discovery Material, shall be either (i) required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit B hereto ("Witness Confidentiality Order"), which copy shall be maintained by counsel for the party who received the Confidential Discovery Material who seeks to disclose such Confidential Discovery Material, or (ii) ordered by a court with jurisdiction over the witness to abide by the terms of this Stipulation and Order.

        8.    All documents of any nature, including briefs, motions, or letters that contain Confidential Discovery Material and that are filed with the Court, shall be filed in redacted form as an ECF document with an unredacted hard copy filed with Chambers, in accordance with the procedure established in the Suggested Rules of Discovery Practice of Hon. Shira A. Scheindlin. Counsel shall confer among themselves and with the Court, as necessary or advisable, to arrange for the filing of unredacted copies of the documents with the Court under seal. If no agreement or arrangement is reached among counsel for the filing

of unredacted copies of such documents with the Court under seal, then counsel shall seek the intervention of the Court to resolve the matter.

   9. Any party to the Litigation who objects (an "Objecting Party") to the continued restriction on public access to any document filed in redacted form or under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Producing Party. If within thirty (30) days after the receipt of a written objection by the Objecting Party, the Producing Party notifies the Objecting Party that it seeks to continue the restriction on public access to such documents, the Objecting Party shall move the Court for a judicial determination as to whether good cause exists for continued restricted access to the document. While such an application is pending, the Discovery Material or testimony at issue shall continue to be treated as "Confidential." The provisions of this Paragraph are not intended to shift the burden of establishing confidentiality. The burden of establishing confidentiality rests with the Producing Party.

   10. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order <u>shall not</u>:

   a. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

   b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate

8

protection for any particular information deemed by any party to be Confidential Discovery Material;

    c. prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

    d. prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

    e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

    f. prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

    g. be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

    11. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose. Nothing herein shall (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information

designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

    12. If any person receiving Confidential Discovery Material covered by this Stipulation and Order (the "Receiver") receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential Discovery Material (and such subpoena or compulsory process seeks Discovery Material which was produced or designated "Confidential" by someone other than the Receiver), the Receiver shall give written and telephone notice to counsel for the Producing Party(ies) within three (3) business days after receipt of the subpoena or other compulsory process unless otherwise prohibited by law; such notice shall identify the Confidential Discovery Material sought and enclose a copy of the subpoena or other compulsory process. In no event shall production or disclosure occur before notice is given. If the Producing Party moves for a protective order within ten (10) business days after receiving notice of the subpoena or other compulsory process, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the written consent of the Producing Party. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver to: (i) challenge or appeal any order issued in this or any other proceeding that requires the production or disclosure of Confidential Discovery Material; (ii) subject the Receiver to any penalties for non-compliance with any legal process, order or statutory or regulatory obligation; or (iii) seek relief from this Court. In the event that such Confidential Discovery Material is produced to

the non-party, such material shall still be treated in accordance with the designation as Confidential by the parties to this Stipulation and Order.

        13.    In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties or non-parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within ten (10) business days of the date on which the Producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party. The terms of this Paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this Paragraph be deemed to be a waiver of, or estoppel as to, any claim of privilege asserted by the Producing Party. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions except to challenge a claim that the materials are privileged. The provisions of this Paragraph are not intended to shift the burden of establishing confidentiality or an inadvertent production. The Receiver shall have no liability, under this

Order or otherwise, for any disclosure (consistent with paragraph 2 of this Order) of information contained in unlegended documents or things occurring before the Receiver was placed on notice of the Producing Party's claims of confidentiality or privilege of any information therein.

14. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party(ies) by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

15. Non-parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

16. The parties agree to be bound by the terms of this Stipulation and Order (whether Discovery Material is produced by a party or non-party) pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

17. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom except with respect to the filing of papers with the appellate courts, which shall be in accordance with the rules and practices of that court and subject to Paragraph 20 herein.

18. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, including the exhaustion

of all possible appeals and other review, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact to the Producing Party or non-party. Documents that have been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files, and the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Discovery Material resident on the recipient's computer server and back-up media. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (which include within them Discovery Material containing Confidential Discovery Material or references to Confidential Discovery Material), <u>provided</u> that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party. All Discovery Material returned to the parties or their counsel by the Court and all Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this Paragraph.

        19.    During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this Paragraph are not intended to shift the burden of establishing confidentiality. The burden of establishing confidentiality

rests with the Producing Party. No party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not be deemed to be a waiver nor shall it preclude a subsequent challenge on the propriety of such designation or constitute an admission that any information is confidential.

20. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary or advisable to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

21. Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto.

Dated: September 5, 2008  
       Melville, New York

Dated: September 5, 2008  
       New York, New York

COUGHLIN STOIA GELLER  
RUDMAN & ROBBINS LLP

By:_____  
    Robert M. Rothman  
    Joseph Russello  
    58 South Service Road, Suite 200  
    Melville, NY  11747  
    Telephone:  (631) 367-7100  
    Facsimile:  (631) 367-1173

*Lead Counsel for Lead Plaintiff*  
*Northern Nevada Laborers Fund*

WEIL, GOTSHAL & MANGES LLP

By: /s/ Anthony J. Albanese  
    Jonathan D. Polkes  
    Anthony J. Albanese  
    767 Fifth Avenue  
    New York, NY 10153  
    Telephone:  (212) 310-8000  
    Facsimile:  (212) 310-8007

*Counsel for Defendants The Children's Place Retail Stores, Inc. and Susan Riley*

rests with the Producing Party. No party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not be deemed to be a waiver nor shall it preclude a subsequent challenge on the propriety of such designation or constitute an admission that any information is confidential.

20. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary or advisable to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

21. Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto.

Dated: September 5, 2008  
       Melville, New York

Dated: September 5, 2008  
       New York, New York

COUGHLIN STOIA GELLER  
RUDMAN & ROBBINS LLP

By: /s/ Robert Roth

Robert M. Rothman  
Joseph Russello  
58 South Service Road, Suite 200  
Melville, NY 11747  
Telephone: (631) 367-7100  
Facsimile: (631) 367-1173

*Lead Counsel for Lead Plaintiff*  
*Northern Nevada Laborers Fund*

WEIL, GOTSHAL & MANGES LLP

By: _____

Jonathan D. Polkes  
Anthony J. Albanese  
767 Fifth Avenue  
New York, NY 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007

*Counsel for Defendants The Children's Place*  
*Retail Stores, Inc. and Susan Riley*

14

| | |
|---|---|
| JENKINS & CARTER<br>NATHAN M. JENKINS<br>501 Hammill Lane<br>Reno, NV 89511<br>Telephone: (775) 829-7800<br>Facsimile: (775) 829-0511<br><br>*Additional Counsel for Plaintiffs* | DECHERT LLP<br><br>By: _____<br>Robert J. Jossen<br>Michael J. Gilbert<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>*Counsel for Defendant Ezra Dabah* |

SO ORDERED:

_____
United States District Judge

15

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA HALL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE CHILDREN'S PLACE RETAIL STORES, INC., et al., <br><br> Defendants. | No. 07 Civ. 8252 (SAS) <br><br> **(Consolidated)** |

### UNDERTAKING PURSUANT TO THE STIPULATION AND ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

I, _____, hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Protection and Exchange of Confidential Material (the "Order") in the above-captioned case, (ii) that I have read the Order, and (iii) that to the best of my knowledge information and belief I am not currently advising any direct business competitors of the Producing Party. I understand the terms of the Order, I agree to comply with the Order in all respects, and I hereby submit and waive any objection to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") for the adjudication of any dispute concerning or related to my compliance with the Order. I understand that any violation of the terms of this Order may be

punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____
_____

Telephone:_____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA HALL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., et al.,<br><br>Defendants. | No. 07 Civ. 8252 (SAS)<br><br>**(Consolidated)** |

**UNDERTAKING PURSUANT TO
THE STIPULATION AND ORDER GOVERNING THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

I, _____, have read the Stipulation and Order Governing the Protection and Exchange of Confidential Material (the "Order") in the above-captioned case. I understand the terms of the Order, I agree to comply with the Order in all respects, and I hereby submit and waive any objection to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") for the adjudication of any dispute concerning or related to my compliance with the Order. I understand that any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Signature:_____

18

Please print or type the following:

Name: _____

Title and Affiliation: _____

Address: _____
_____

Telephone: _____