UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA HALL, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

- against -

THE CHILDREN'S PLACE RETAIL STORES, INC., EZRA DABAH, and SUSAN RILEY,

Defendants.

**OPINION AND ORDER**

07 Civ. 8252 (SAS)




SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

This putative class action is brought on behalf of a class of shareholders against The Children's Place Retail Stores, Inc. ("TCP"), and certain of its officers, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On June 26, 2009, after approximately two years of litigation and two mediation sessions, the parties reached a proposed settlement (the "Settlement") for twelve million dollars in cash (the "Settlement Fund").[1] On

[1] *See* 10/2/09 Declaration of Robert M. Rothman, member of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), in Support of (1) Final Approval of Settlement and Plan of Allocation of Settlement Proceeds; and (2) Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiff's Expenses ("Rothman Decl.") ¶¶ 3, 47-53.

July 17, 2009, this Court preliminarily approved the Settlement and approved the form of notice.[2]

Notices were mailed to over 38,500 potential class members and summary notice was published in *Investor's Business Daily* on August 6, 2009.[3] On October 2, 2009, Laborers Pension Trust Fund for Northern Nevada ("Lead Plaintiff") submitted a motion for final approval of Settlement and Plan of Allocation, award for attorneys' fees and expenses, and reimbursement of its expenses. A fairness hearing was held on October 16, 2009 (the "Fairness Hearing"). As of the Fairness Hearing, and with approximately two weeks remaining to submit claims, 5,200 claim forms had been received[4] and not a single class member had objected.[5]

I have reviewed the substantive terms of the Settlement and all supporting materials. The Settlement was reached after arm's length negotiation

---

2 *See* 7/17/09 Order Preliminarily Approving Settlement and Providing for Notice.

3 *See* Affidavit of Michelle M. La Count, Senior Account Executive with A.B. Data Ltd.'s Class Action Administration Division, claim administrator, ("La Count Aff.") ¶¶ 10-12, 17.

4 *See* 10/16/09 Transcript of Fairness Hearing ("Fairness Hearing Tr.") at 2.

5 *See* Rothman Decl. ¶ 79; Fairness Hearing Tr. at 2.

between the parties following two mediations with a retired federal judge.[6] The Plan of Allocation provides that each Authorized Claimant with a valid recognized claim will receive no less than $10.[7] Depending on the size of the class, an Authorized Claimant may receive up to $11.71 per damaged share,[8] which appears to be a fair and adequate recovery for the claims in this case. Therefore, the substantive terms of the Settlement and Plan of Allocation are fair, reasonable, and adequate. Lead Plaintiff also seeks $5,798.10 in reimbursement for expenses,[9] and Court appointed lead counsel, Coughlin Stoia, and Jenkins & Carter, Lead Plaintiff's additional counsel of record (together, "Class Counsel") request reimbursement for expenses, amounting to $291,553.76[10] – more than one hundred

---

6 *See* Rothman Decl. ¶¶ 47-51.

7 *See* Notice of Proposed Settlement of Shareholder Class Action, Hearing Thereon, and Right to Appear ("Notice"), Ex. A to La Count Aff., at 9.

8 *See id.* at 7-8 (depending on the dates of purchase and sale, an Authorized Claimant could be entitled to, at most, $11.71 per share).

9 *See* Lead Plaintiff's Notice of Motion and Motion for (1) Final Approval of Settlement and Plan of Allocation of Settlement Proceeds; and (2) Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiff's Expenses; 9/23/09 Declaration of Richard Daly, Chairman of Lead Plaintiff, ¶ 3.

10 *See* 10/2/09 Declaration of Ellen Gusikoff Stewart of Coughlin Stoia ("Stewart Decl.") at 2 (requesting reimbursement of $291,546.07 in expenses); 9/29/09 Declaration of Nathan M. Jenkins of Jenkins & Carter ("Jenkins Decl.") at 1-2 (requesting reimbursement of $7.69 in expenses).

thousand dollars less than the amount noticed to the class.[11] Lead Plaintiff and Class Counsel's respective requests for reimbursement of expenses are also reasonable. However, the same cannot be said for the amount requested for Class Counsel's fees. Lead Plaintiff requests fees totaling twenty-seven percent, or $3,240,000, of the Settlement Fund for Class Counsel.[12] For the reasons discussed below, I conclude that the requested fee is not reasonable.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, a court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement."[13] "'[A] party that secured a fund for the benefit of others, in addition to himself, may recover his costs, including his attorneys' fees, from the fund itself or directly from the other parties enjoying the

---

11 *See* Notice at 2 (notifying the class that Class Counsel would seek expenses not to exceed $400,000, plus interest on both amounts).

12 *See* Lead Plaintiff's Counsel's Memorandum of Law in Support of Motion for an Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiff's Expenses ("Class Counsel Mem.") at 1.

13 Fed. R. Civ. P. 23(h).

benefit.'"[14] "This principle is known as the common fund doctrine."[15] "'The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.'"[16]

Courts may award attorneys' fees in common fund cases under either the "lodestar" method or the "percentage of the fund" method.[17] "The lodestar method multiplies hours reasonably expended against a reasonable hourly rate.

---

[14] *Parker v. Time Warner Entm't Co., L.P.*, No. 98 Civ. 4265, 2009 WL 1940791, at *17 (E.D.N.Y. July 6, 2009) (quoting *In re Holocaust Victim Assets Litig.*, 424 F.3d 150, 157 (2d Cir. 2005)).

[15] *Id.*

[16] *Id.* (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

[17] *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). Although the Second Circuit has recently abandoned use of the lodestar, it did so in the context of fee shifting to a prevailing plaintiff under the Voting Rights Act of 1964. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Since that opinion, the Circuit has reaffirmed the principle that the *Goldberger* factors should still be considered in determining a reasonable fee in class actions. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008)). *But see Cavalieri v. General Elec. Co.*, No. 06 Civ. 315, 2009 WL 2426001, at *3 (N.D.N.Y. Aug. 6, 2009) (while ruling on a class action fee motion, noting that the lodestar method had been replaced by the "presumptively reasonable fee" as set out in *Arbor Hill*). Nevertheless, this Court has always adjusted lodestars when it has determined them to be unreasonable or unsupportable. *Arbor Hill*'s ruling that the "presumptively reasonable fee" should apply, *see* 522 F.3d at 183, is therefore not new to this Court's practice when it determines the appropriate fees to award.

Courts in their discretion may increase the lodestar by applying a multiplier based on factors such as the riskiness of the litigation and the quality of the attorneys."[18] "The trend in this Circuit is toward the percentage method, [] which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation . . . . In contrast, the lodestar creates an unanticipated disincentive to early settlements, tempts lawyers to run up their hours, and compels district courts to engage in a gimlet-eyed review of line-item fee audits."[19] Nevertheless, "the lodestar remains useful as a baseline even if the percentage method is eventually chosen."[20]

"Irrespective of which method is used, the '*Goldberger* factors' ultimately determine the reasonableness of a common fund fee. They include: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."[21] Finally, "[r]ecognizing that economies of scale could cause windfalls in common

---

18 *Wal-Mart Stores*, 396 F.3d at 121 (citing *Goldberger*, 209 F.3d at 47).

19 *Id.* (citations and quotation marks omitted).

20 *Goldberger*, 209 F.3d at 50.

21 *Wal-Mart Stores*, 396 F.3d at 121 (citing *Goldberger*, 209 F.3d at 50).

fund cases, courts have traditionally awarded fees for common fund cases in the lower range of what is reasonable."[22]

## III. DISCUSSION

With regard to the first *Goldberger* factor, Class Counsel invested significant time and effort in litigating this case. Class Counsel successfully opposed a motion to dismiss, retained experts in accounting, damages, materiality, and loss causation, and briefed a motion for class certification, which was voluntarily withdrawn, without prejudice, pending the resolution of settlement negotiations.[23] Class Counsel conducted discovery, including the review of all publicly available information regarding TCP, 1.6 million pages of documents produced by defendants, and interviewed former TCP employees.[24] Settlement negotiations included two formal mediation sessions and an independent investigation.[25] This factor weighs in favor of awarding reasonable attorneys' fees.

The second and third *Goldberger* factors require an assessment of the complexities and magnitude of the litigation along with the risk. Although

---

22 *Id.* at 122 (citing *Goldberger*, 209 F.3d at 52).

23 *See* Rothman Decl. ¶¶ 27-32, 43.

24 *See id.* ¶¶ 33-42.

25 *See id.* ¶¶ 47-51.

securities class actions are known to be complex and difficult to prove, this particular case was unremarkable when compared to other securities cases in that it did not involve overly complex or novel questions of law or fact.[26] Furthermore, although Class Counsel successfully defended a motion to dismiss, engaged in substantial document discovery, and began class certification proceedings, the efforts of Class Counsel were not exceptionally great. As with any securities case, Class Counsel unquestionably assumed substantial risk having faced hurdles in the areas of materiality, scienter, reliance, and loss causation.[27] Accordingly, these factors weigh in favor of awarding reasonable attorneys' fees, but they do not justify awarding an extraordinary amount.

The fourth *Goldberger* factor, the quality of representation requires a court to review the recovery obtained and the backgrounds of the lawyers involved in the case.[28] Class Counsel achieved a reasonable recovery for the class, representing a range of five to twelve percent of Lead Plaintiff's estimated

---

26 *See In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 138-39 (S.D.N.Y. 2008) (noting that factors including the absence of factually or legally complex issues weighed against awarding an overly generous fee) (collecting cases).

27 *See* Rothman Decl. ¶¶ 69-77.

28 *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004).

maximum of provable damages, which its damages expert suggested could range from $104 to $245 million.[29] This percentage, while small, is not so uncommon as to justify finding the Settlement to be unreasonable.[30] Given the difficult hurdles yet to come for plaintiffs, the Settlement obtained constitutes a favorable result for the class. In addition, Class Counsel has a long history of providing high quality representation to classes, particularly in the context of securities claims,[31] and appears to have done so in this case as well. Thus, the fourth *Goldberger* factor weighs in favor of awarding reasonable, but not unusually high, fees.

The fifth *Goldberger* evaluates the relationship of the requested fee to the settlement and the sixth requires the Court to weigh public policy considerations. Class Counsel observes, citing a number of cases, that its request of twenty-seven percent of the Settlement Fund – which will leave class members approximately $8,462,648.14 after fees and expenses – "is well within the range of

---

29 *See* Rothman Decl. ¶ 67.

30 *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. at 461 ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." (citing *Grinnell*, 495 F.2d at 455.)); *In re Ikon Office Solutions Inc. Sec. Litig.*, 194 F.R.D. 166, 183-84 (E.D. Pa. 2000) (approving a settlement amounting to 5.2 percent of damages for common stock holders).

31 *See* Coughlin Stoia Resume, Ex. A to Stewart Decl.; Nathan M. Jenkins Resume, Ex. A to Jenkins Decl.

percentage fee awards within the Second Circuit."[32] However, "[r]eference to awards in other cases is of limited usefulness . . . . because fee awards should be assessed based on the unique circumstances of each case."[33] Class Counsel glosses over the fact that when the cases it cites are considered in regard to settlement size and counsel's lodestar cross-check, the cases awarding percentages nearing one-third are compensating for proportionately higher lodestars.[34]

---

[32] Class Counsel Mem. at 19 (collecting cases).

[33] *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. at 141 (citations and quotation marks omitted).

[34] *See* Class Counsel Mem. at 19 (citing *Silverberg v. People's Bank*, 23 Fed. Appx. 46, 47-49 (2d Cir. 2001) (affirming district court decision to award approximately 30% of the settlement fund in fees, which reflected a 2.56 lodestar multiplier for one attorney and *no* lodestar multiplier for the other); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 1695, 2007 WL 4115808, at *1 (S.D.N.Y. 2007) (approving attorneys fees of 30% of a $5.5 million settlement with a 0.35 lodestar multiplier); *In re Acclaim Entm't, Inc. Sec. Litig.*, No. 03 Civ. 1270, slip op. at 9 (S.D.N.Y. Oct. 2, 2007) (Ex. 1 to Class Counsel Mem.) (approving attorneys fees of 30% of $13.65 million settlement with a 1.5 lodestar multiplier); *In re van der Moolen Holding N.V. Sec. Litig.*, No. 03 Civ. 8284, Slip. op. at 2 (S.D.N.Y. Dec. 6, 2006) (Ex. 6 to Class Counsel Mem.) (approving attorneys fees of 33-1/3% of $8 million settlement with a 1.78 lodestar multiplier); *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071, 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005) (approving attorneys fees of 30% of $10 million settlement with a 1.85 lodestar multiplier); *Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 WL 1330937, at *8 (S.D.N.Y. June 7, 2005) (approving attorneys fees of 33-1/3% of a $2.9 million settlement fund with a 0.14 lodestar multiplier); *Frank v. Eastman Kodak Co,*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005) (approving attorneys fees of 40% of $125,000 with a 0.82 lodestar multiplier). *But see Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (approving attorneys fees of 33-1/3% of a $11.5 million settlement with a "modest

A review of other, more recent, cases reveals a trend toward awarding more modest fees. Courts appear to be finding that an award of one-third of the settlement fund is not always justified where that percentage amounts to a lodestar multiplier of substantially more than 2.0.[35] Nevertheless, Class Counsel argues that

---

multiplier" of 4.65); *In re Xcel Energy, Inc.* 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (citing *Maley* and awarding a 25% fee of an eighty million dollar settlement amounting to a 4.7 multiplier).

[35] *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d at 134 (affirming fee award of 3% of $438 million settlement fund and a 2.04 lodestar multiplier); *Bricker v. Planet Hollywood New York, L.P.*, No. 08 Civ. 443, 2009 WL 2603149, at *3 (S.D.N.Y. Aug. 13, 2009) (fee award of 25% of $900,000 settlement fund and a 2.0 lodestar multiplier); *In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515, 2009 WL 2025160, at *4-*5 (S.D.N.Y. July 10, 2009) (fee award of 18% of $16.5 million settlement and a 0.9 lodestar multiplier); *In re Bayer AG Sec. Litig.*, No. 03 Civ. 1546, 2008 WL 5336691, at *5 (S.D.N.Y. Dec. 15, 2008) (fee award of 12% of $18.5 million settlement and a 0.33 lodestar multiplier); *Banyai v. Mazur*, No. 00 Civ. 9806, 2008 WL 5110912, at *5 (S.D.N.Y. Dec. 2, 2008) (fee award of 20% of $6.1 million settlement and a 1.93 lodestar multiplier); *Park v. The Thomson Corp.*, No. 05 Civ. 2931, 2008 WL 4684232, at *7 (S.D.N.Y. Oct. 22, 2008) (fee award of 15.6% of $13 million settlement and a 1.5 lodestar multiplier); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y.2008) (fee award of 25% of $5 million settlement and a 1.6 lodestar multiplier); *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. at 143 (fee award of 22.5% of $4.9 million settlement and a 2.09 lodestar multiplier); *In re Renaissancere Holdings Ltd. Sec. Litig.*, No. 05 Civ. 6764, 2008 WL 236684, at *5 (S.D.N.Y. Jan. 18, 2008) (fee award of approximately 10% of $13.5 million settlement fund and a 1.5 lodestar multiplier); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484, 2007 WL 313474, at *22-*23 (S.D.N.Y. 2007) (fee award of 22.5% of $39 million settlement and a 1.95 lodestar multiplier). *Accord* Eisenberg & Miller, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. Empirical Legal Stud. (forthcoming 2010), available at http://papers.ssrn.com/abstract=1497224 (last visited November 2, 2009) at 24 (finding, based on an empirical study of sixteen years of published

its 3.75 multiplier is justified in this case and within the range awarded by other courts in this Circuit.[36] Yet, this argument is flawed. Class Counsel relies almost entirely on cases that predate *Goldberger* and which have been criticized by other courts as lacking moderation.[37] In fact, *Maley v. Del Global Techs. Corp.* – the only post-*Goldberger* case cited by Class Counsel that awarded attorneys' fees of thirty percent range with a lodestar multiplier higher than two, also relies entirely on pre-*Goldberger* cases, and, thus, suffers from the same flaws.[38]

At the Fairness Hearing, Class Counsel asserted that an enhanced multiplier is justified because Class Counsel efficiently litigated the matter and did

---

opinions, that the mean multiplier in the Second Circuit is 1.58 and the mean multiplier in securities cases across all circuits is 1.75).

36 The lodestar totals $864,070.50, comprised mostly of Coughlin Stoia's assessment of $850,982.50. *See* Stewart Decl. at 2 (submitting that 1,840.75 hours were spent by counsel and paralegals on this case at rates ranging from $250-$290 per hour for paralegals to $715 per hour for Samuel Rudman, Coughlin Stoia's most senior partner handling this matter). Jenkins & Carter partner Nathan Jenkins, also counsel of record for Lead Plaintiff, also billed 40.9 hours at a rate of $320.00 per hour. *See* Jenkins Decl. at 1.

37 *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 313474, at *20 (finding pre-*Goldberger* cases "inapposite" because they "pre-date[] the *Goldberger* court's admonition that use of a benchmark is not warranted, and that there must be a return to approaching fee awards with an eye toward moderation") (quotation marks omitted).

38 *See* 186 F. Supp. 2d at 369.

not "run up the clock" simply to increase the lodestar.[39] Class Counsel fails to recognize, however, that had it submitted an unreasonable amount of billable hours, it would have been within the Court's discretion to award a percentage that represented little or no multiplier. Class Counsel also quoted an out-of-circuit case – *In re Superior Beverage/Glass Container Consol. Pretrial* ("*In re Superior Beverage*")[40] – to argue that "[t]here should be no arbitrary ceiling on multipliers."[41] Yet, Class Counsel omitted to mention that the *In re Superior Beverage* court also stated that "[i]f a substantial result is magically achieved in record short time, the multiplier should reflect it. *Such cases are, however, few and far between.*"[42] Furthermore, the court, relying primarily on the lodestar analysis, ultimately applied multipliers of between 1.5 and 2.5 to various class counsel depending on their relative contribution, representing a fee award of between 15.6 and 17.3 percent of the settlement fund – hardly the 3.75 multiplier and twenty-seven percent Class Counsel is seeking in this case.

I conclude that Class Counsel's requested award is excessive when

---

[39] Fairness Hearing Tr. at 9.

[40] 133 F.R.D. 119 (N.D. Ill. 1990).

[41] Fairness Hearing Tr. at 9 (quoting 133 F.R.D. at 131).

[42] *In re Superior Beverage*, 133 F.R.D. at 131 (emphasis added).

considered in light of the size of the Settlement Fund and Class Counsel's lodestar. Class Counsel's important function in asserting the rights of allegedly injured TCP shareholders who either would not, or could not, assert these rights individually cannot be understated. While plaintiffs' firms should be encouraged to bring meritorious class actions, and acknowledging the risk they undertake in doing so, a court must exercise moderation when rewarding that risk. The reward should not substantially deprive the actually injured party of their rightful return. Accordingly, I conclude that an award of fifteen percent of the settlement fund, or $1,800,000, amounting to approximately a 2.08 lodestar multiplier, is more than adequate to compensate Class Counsel for its effort and reward Class Counsel for the risk it undertook in litigating this case.

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiff's motions for Final Approval of Settlement, Plan of Allocation of Settlement Proceeds, and Reimbursement of Lead Plaintiff and Class Counsel's Expenses are granted. Lead Plaintiff's motion for the Award of Attorneys Fees is also granted, but not for the amount requested.

The Clerk of the Court is directed to close this motion (Docket No. 60) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 2, 2009

**-Appearances-**

**For Lead Plaintiff and the Class:**

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Mario Alba, Jr., Esq.
Coughlin Stoia Geller Rudman
& Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

Nathan M. Jenkins, Esq.
Jenkins & Carter
501 Hammill Lane
Reno, Nevada 89511
(775) 829-7800

**For Defendants:**

Jonathan D. Polkes, Esq.
David R. Fertig, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Robert J. Jossen, Esq.
Michael J. Gilbert, Esq.
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

Richard P. Swanson, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1179